J-A24038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STEPHEN M. WERNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS BEETEL, M.D. AND | : | |
| SURGICAL INSTITUTE OF READING | : | No. 156 MDA 2025 |

Appeal from the Order Entered December 30, 2024
In the Court of Common Pleas of Berks County Civil Division at No(s):
20 13828

BEFORE:  DUBOW, J., KUNSELMAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:　　　　　**FILED: DECEMBER 3, 2025**

In this medical-malpractice case involving a failed gallbladder-removal surgery, Stephen Werner appeals from the order granting summary judgment to his surgeon, Thomas Beetel, M.D., and the Surgical Institute of Reading based on the two-year statute of limitations.[1]  Six-and-a-half years before Mr. Werner sued, he knew his body was producing post-surgery gallstones.  As a matter of law, post-surgery gallstones should have prodded Mr. Werner to investigate whether Dr. Beetel had poorly performed the gallbladder-removal surgery.  Thus, the statute of limitations has lapsed, and we affirm.

On March 9, 2012, Dr. Beetel performed a gallbladder-removal surgery on Mr. Werner at the Surgical Institute of Reading.  He failed to remove all of Mr. Werner's gallbladder.

---

[1] "An action to recover damages for injuries to the person" shall "be commenced within two years."  42 Pa.C.S.A. § 5524(2).

A year-and-a-half later, in December of 2013, Mr. Werner had a CT scan. It revealed "there was a gallstone in a remnant of [Mr. Werner's] cystic duct," and Mr. Werner's new doctor, "Dr. Rai, believed that that could be responsible for [his] abdominal pain." Depo. of Stephen M. Werner, 8/17/22, at 21. When asked if Dr. Rai communicated that information to him in 2013, Mr. Werner admitted, "Yes. I knew there was a [gall]stone." *Id.*

We take judicial notice of the fact that "Gallstones are hardened deposits of digestive fluid that can form *in your gallbladder*." The Mayo Clinic, "Gallstones," available at https://www.mayoclinic.org/diseases-conditions/gallstones/symptoms-causes/syc-20354214 (last visited 11/4/25). The prerequisite of having a gallbladder in order for the human body to make gallstones is "not subject to reasonable dispute, because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," as our quick internet search revealed. Pa.R.E. 201(b)(2).

Although Mr. Werner knew that his body was still producing gallstones in 2013, he made no investigation whatsoever into their cause, much less an investigation which could be called due diligence. Instead, he waited until the mid-summer of 2020 to sue Dr. Beetel and the Surgical Institute of Reading for malpractice arising from the March 9, 2012 surgery.

At the close of discovery, the Defendants sought summary judgment. After briefing and oral argument, the trial court granted the motion. It concluded that Mr. Werner's malpractice claims were untimely, because he

had inquiry notice of his injury to start the statute-of-limitations clock, as a matter of law. This timely appeal followed.

Mr. Werner raises one appellate issue. He asks, "Did the trial court err in granting [the] motion for summary judgment, as material issues of fact exist, such that the discovery rule [tolls] the two-year statute of limitations . . . ?" Werner's Brief at 5 (some capitalization omitted).

According to Mr. Werner, the trial court erred by "determining, as a matter of law, that reasonable minds would not differ on the facts and thus application of the discovery rule." *Id.* at 14. He contends that what he knew and what he should have done are in doubt and are factual questions for a jury.

Mr. Werner bases his contention on the following facts: (1) Dr. Beetel did not tell Mr. Werner that a portion of his gallbladder remained following his 2012 surgery, (2) Mr. Werner did not have any symptoms of gallbladder problem until 2018, (3) the credibility of his post-surgery physicians recollections of their diagnoses is a matter for the jury, and (4) Mr. Werner did not understand that part of his gallbladder remained inside him until 2018. *See id.* at 15-31. Mr. Werner therefore argues that his "injuries were not discoverable until November 2018[, because] this is the time [he] first actually became aware that his gallbladder had in fact not been fully removed and was problematic." *Id.* at 32.

As explained below, Mr. Werner's argument reflects a misunderstanding of Pennsylvania's restrictive, inquiry-notice discovery rule. His subjective lack

of understanding of what his doctors told him does not toll the statute of limitations. Rather, we agree with the trial court that his body's production of post-surgery gallstones in 2013 provided him, at a minimum, with inquiry notice to investigate and to discover the injury that Dr. Beetel's negligence caused him, as a matter of law. "In reviewing a grant of summary judgment, this Court's standard of review is *de novo*, and our scope of review is plenary." ***L.T. by & Through Copenhaver v. Kubota Manufacturing of America Corp.***, 332 A.3d 47, 55 (Pa. Super. 2025).

Summary judgment may be granted "only in cases where the record contains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." ***Id.*** We must "evaluate all the facts and make reasonable inferences in a light most favorable to the nonmoving party." ***Id.***

In the statute of limitations, the General Assembly has set time limits for bringing legal claims. Mr. Werner alleges personal injuries arising from medical malpractice. Therefore, he had two years to file this lawsuit. ***See*** 42 Pa.C.S.A. § 5524(2).

The time to file begins running "from the time the cause of action accrued . . . ." 42 Pa.C.S.A. § 5502(a). "Normally, a cause of action accrues when an injury is inflicted. Thus, the clock begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake, or misunderstanding do not toll the running of the statute of limitations . . . ." ***Rice v. Diocese of Altoona-Johnstown***, 255 A.3d 237, 246 (Pa. 2021).

However, if the plaintiff "is reasonably unaware that his or her injury has been caused by another party's conduct, the discovery rule suspends, or tolls, the running of the statute of limitations." *Mariner Chestnut Partners, L.P. v. Lenfest*, 152 A.3d 265, 283 (Pa. Super. 2016) (citations and quotation marks omitted). "To successfully invoke the discovery rule, a party must show the inability of the injured, *despite the exercise of due diligence*, to know of the injury or its cause. A party fails to exercise reasonable diligence when it fails to make an inquiry when the information regarding the injury becomes available." *Id.* (emphasis added).

Although the reasonable diligence standard is an objective one, "it is to be applied with reference to individual characteristics." *Wilson v. El-Daief*, 600 Pa. 161, 964 A.2d 354, 365 (2009) (citation omitted). Critically, a plaintiff's "failure to make inquiry when information is available is failure to exercise reasonable diligence, as a matter of law." *Borough of Mifflinburg v. Heim*, 705 A.2d 456, 467 (Pa. Super. 1997), *appeal denied*, 794 A.2d 359 (Pa. 1999) (citation omitted).

The *Rice* Court explained that inquiry notice ties "commencement of the limitations period to actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause." *Rice*, 255 A.3d at 247 (citing *Wilson v. El-Daief*, 600 Pa. 161, 964 A.2d 354 (2009)).

Here, it is clear and free from any doubt that Mr. Werner had "actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to [Dr. Beetel's] conduct" to give him inquiry notice that a portion of his gallbladder may have remained inside him. *Id.* The fact that he, personally, may not have understood or realized that a portion of his gallbladder was still inside him does not toll the statute of limitations under Pennsylvania law.

Because no reasonable juror could conclude that someone in Mr. Werner's position would not ask his doctor or otherwise inquire into why his body was still producing gallstones after his gallbladder was supposedly removed, the trial court correctly held that Mr. Werner had inquiry notice into his injury. Mr. Werner admitted at his deposition that he knew his body was still producing gallstones in December of 2013. *See* Depo. of Stephen M. Werner, 8/17/22, at 21. If he was personally unaware of the origin of gallstones, he could have asked his doctor or looked it up on the internet or at the local library to discover that all gallstones form in the gallbladder. *See* The Mayo Clinic, *supra*. Therefore, we conclude that, as a matter of law, Mr. Werner had sufficient information to begin an investigation that would have led him to learn that Dr. Beetel could not have possibly removed his entire gallbladder. Otherwise, Mr. Werner's body would not have continued to make post-surgery gallstones.

However, Mr. Werner undertook no investigation to discover the source of his gallstones whatsoever. This is far short of the due diligence required of

a plaintiff who seeks to toll the statute of limitations under the Pennsylvania discovery rule.

Instead, Mr. Werner believes that his subjective lack of knowledge and understanding of his injury was sufficient to toll the statute of limitations. This is incorrect. Mr. Werner's theory might be correct if Pennsylvania followed the more accommodating approach to the discovery rule, where a plaintiff must know he has a legal cause of action before the statute of limitations begins to run. *See Rice*, 255 A.3d at 256-57 (Pa. 2021) (Baer, C.J. concurring) ("I would align Pennsylvania with most other jurisdictions adopting the view that equates the term 'injury' with 'legal injury,' and commences the statute of limitations when the plaintiff has actual or constructive knowledge, not of the harm, but of the cause of action associated with such harm.").

In fact, Chief Justice Baer explained – as he repeatedly did in cases like this one – that, in his view, the time has come for Pennsylvania to adopt the more liberal discovery rule, instead of the inquiry-notice rule. "Regrettably, the instant case suffers from [a] lack of issue preservation and advocacy regarding whether to expand our discovery rule formulation to adopt the prevailing view that equates the term 'injury' with 'legal injury,' and commences the statute of limitations when the plaintiff has actual or constructive knowledge of the cause of action associated with such harm." *Id.* at 257. "Accordingly, the [Supreme] Court is again left to await a future case where the issue is squarely before us." *Id.*

As in **Rice**, this case suffers from the same lack of issue preservation for us, or the Supreme Court, to consider and adopt a more liberal discovery rule. Thus, Mr. Werner's arguments that he did not know his gallbladder was still present until 2018 are irrelevant to the discovery rule as it currently exists in this Commonwealth. Like the trial court, we hold that Mr. Werner had sufficient information and knowledge to begin **some** type of investigation into the status of his gallbladder remaining in his body as early as December of 2013. At that point, inquiry notice existed, and his two-year statute of limitations began to run. Reasonable minds cannot differ on this point, because "the record contains no genuine issue of material fact" regarding application of the discovery rule. **L.T. by & Through Copenhaver**, 332 A.3d at 55.

In sum, Mr. Werner had until December of 2015 to file this lawsuit. He did not commence it until 2020. Therefore, his action is time-barred, as a matter of law.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/03/2025